[Civ. No. 6011. First Appellate District, Division One.—October 31, 1927.]

W. EBERLY, Appellant, v. FRANK J. EGAN, Respondent.

Robert D. Duke and Lawrence A. Cowen for Appellant.

Bert Schlesinger and S. C. Wright for Respondent.

CASHIN, J.—An action was brought by appellant against respondent to quiet title to certain real property situate in the city of San Francisco. Respondent filed with his answer

a cross-complaint alleging that on May 22, 1922, James C. Peabody, the predecessor in interest of appellant, executed to respondent a deed to the property absolute in form but intended as a mortgage to secure the payment of certain debts incurred by Mrs. Peabody for legal services rendered and moneys advanced and to be advanced by respondent. These sums the respondent asked to have declared a lien on the property, and it was stipulated at the trial that the only issue involved in the action was the amount due respondent. The trial court found this amount to be $9,282.98, and entered its decree accordingly.

Appellant contends that this finding was unsupported, and that the court erred in refusing to continue the trial of the action in order to permit Mrs. Peabody, a witness for appellant, to testify in open court.

The sum found to be due was the aggregate amount of a number of charges for services rendered and moneys advanced. It was shown that services were rendered in connection with litigation which covered a considerable period and in which the interests of Mrs. Peabody were involved; and while the testimony as to the extent of the services rendered and the amount of the advances was conflicting, the findings of the court in these respects and its conclusion as to the value of the services were supported by the evidence.

We find no merit in the contention that the court erred in refusing a continuance of the trial. The record shows that at the time of the trial Mrs. Peabody, who was present as a witness for appellant, was, owing to an indisposition, unable to testify. Due to this fact the trial was by stipulation of the parties continued for thirty days, it being agreed that in the meantime her testimony should be taken by deposition. Pursuant to the stipulation the deposition was taken and was read in open court and her testimony so given made a part of the record.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1927.